IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| THOMAS REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST CREDIT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 21 2009

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

4:09-CV-944 SWW

This case assigned to District Judge Wright
and to Magistrate Judge Ray

## COMPLAINT

NOW COMES the Plaintiff, THOMAS REED, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, FIRST CREDIT SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. THOMAS REED, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Conway, County of Faulkner, State of Arkansas.

5. FIRST CREDIT SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of New Jersey.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. In or around January 2009, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to Fitness Proteam.

10. The debt allegedly owed by Plaintiff was for a gym membership.

11. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

12. Despite Defendant's contentions that Plaintiff owed a debt to Proteam, Plaintiff had in fact paid his gym membership dues in full at the time he joined the gym.

13. Since its initial telephone call to Plaintiff to collect on the debt he allegedly owes Proteam, Defendant has contacted Plaintiff by telephone multiple times in an attempt to collect on the putative debt.

14. Plaintiff has repeatedly explicated to Defendant that he paid his membership in full and that he does not owe the debt that Defendant is attempting to collect from him.

15. Plaintiff has further explicated to Defendant that Plaintiff has advised the owner of Proteam that a debt collection company was attempting to collect a debt from him and said owner confirmed with Plaintiff that he did not owe a debt.

16. Notwithstanding the foregoing, Defendant has continued to attempt to collect the debt allegedly owed by Plaintiff and has continued to call Plaintiff on multiple occasions.

17. Defendant has contacted Plaintiff by telephone multiple times in a single day.

18. Defendant has contacted Plaintiff by telephone more than three (3) times in a single day.

19. Defendant has stated to Plaintiff that he owes a debt and that the debt remains unpaid.

20. The aforesaid representation is false as Plaintiff has paid the original contract balance in full at the time of signing the original membership agreement for Proteam.

21. In or around August 2009, Defendant threatened to have the debt allegedly owed by Plaintiff to the credit reporting agencies.

22. In its attempts to collect the debt allegedly owed by Plaintiff to Fitness Proteam, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    e.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    f.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    g.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

    i.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

24.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THOMAS REED, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**THOMAS REED**

By: _/s/ David M. Marco_
David M. Marco
Attorney for Plaintiff

Dated: December 17, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us